*11732*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

MUR SHIPPING B.V.,

                        Plaintiff,

          - against -

WORLD WAVES SHIPPING,

                        Defendant.

------------------------------------------------------x

**Case No.  07 CIV 9470**

(Judge Scheindlin)

**VERIFIED COMPLAINT**

        Plaintiff, **MUR SHIPPING B.V.**, (hereinafter "**MUR**"), by its attorneys, **JUNGE & MELE, LLP**, complaining of the Defendant, **WORLD WAVES SHIPPING**, (hereinafter "**WORLD WAVES**"), states and alleges the following upon information and belief:

        **1.**  This is a case of admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) and a maritime claim within the meaning of Rules 9(h) and 38(e) of the Federal Rules of Civil Procedure.

        **2.**  At all times relevant, Plaintiff, **MUR**, , the disponent owner of the vessel *KAROLINA*, was a foreign corporation with a place of business located at c/o MUR Shipping Denmark A/S, Rungsted Havn 28,1 DK-2960, Rungsted Kyst, Denmark.

        3.  At all times relevant, Defendant, **WORLD WAVES**, was foreign business corporation, with a place of business located at 4th Floor, No. 3, 58th Alley, Sj. Asad Abadi Ave., Tehran 14368, Iran, and is not present within this District, or any nearby district, pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure.

**4.** At all material times, Plaintiff, as disponent owner, entered into a New York Produce Exchange Form Time Charter Party, dated at London on June 20, 2007, with Defendant, as time charterer, for the vessel *KAROLINA* for a period of time of about 40 to 50 days, without guarantee, at a rate of hire of $36,000 per day, pursuant to the terms and conditions as more fully set forth therein, including a safe dock, wharf and anchorage provision at clause 6 thereof; a true copy of said time charter party is annexed hereto as **Exhibit "1."**

**5.** Thereafter, Defendant employed said vessel in ocean commerce; however, during a voyage calling for discharge of cargo at Bandar Imam Khomeini, Iran, when the vessel arrived at the discharge berth nominated by Defendant, it was proved that the official records did not provide enough water for the vessel to berth; consequently, the vessel's Master was unable to berth the vessel until adequate undertakings were given on behalf of Defendant from port authorities and from its local agent; subsequently, Plaintiff claimed Defendant's violation of the safe berth/safe port warranty of the charter party for which Defendant is liable for the time during which the vessel waited outside port.

**6.** At the conclusion of the time charter Plaintiff submitted its final hire statement to Defendant seeking $238,312.70, in unpaid hire due to Defendant's refusal to pay hire for the time that it was unable or unwilling to guarantee a safe berth for the vessel at Bandar Imam Khomeini, Iran. A true copy of Plaintiff's final hire statement to Defendant is annexed hereto as **Exhibit "2."**

2

7.   Under the terms of Clause 17 of the governing charter party between Plaintiff and Defendant, disputes between them are to resolved exclusively in arbitration in London, with English law to apply.

8.   Plaintiff expects to recover the amount of $ 238,312.70, in arbitration in London, on the principal claim for unpaid hire; in addition, Plaintiff expects to recover accrued interest and defense costs through the end of said arbitration, in an amount yet to be determined; and as such, Plaintiff anticipates a total award amount of $275,000.00, as best as same can now be estimated.

9.   Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this District consisting of cash, funds, freight, hire, or credits including but not limited to electronic fund transfers in the hands of garnishees in this District, including but not limited to the following:

1.     American Express Bank

2.     HSBC (USA) Bank

3.     Bank of New York

4.     Barclay's Bank

5.     JPMorgan Chase Bank

6.     Wachovia Bank

7.     Bank of America, N.A.

8.    BNP Paribas

9.    Citibank, N.A.

10.    Standard Chartered Bank

11.    UBS, A.G.

WHEREFORE, Plaintiff prays for the following relief:

**1.**  That process in due form of law according to the practice of this Court be issued against Defendant and that Defendant be cited to appear and answer the allegations herein;

**2.**  That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by garnishees including but not limited to the aforementioned garnishees in the District which are due and owing or otherwise the property of Defendant up to the amount of $275,000.00, to secure Plaintiff's claims in aid of London arbitration, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in this Verified Complaint.

**3.**  That such property attached pursuant to the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of

Plaintiff's claims as they may be embodied in any award issued out of arbitration in London.

       **4.** That Plaintiff have such other and further and different relief as may be just and proper, including judgment against Defendant, along with interest, costs and disbursements as allowable under law.

Dated in the City of New York on October 23, 2007

                    Respectfully submitted,

                    JUNGE & MELE, LLP
                    *Attorneys for Plaintiff*

                    /s/ Peter A. Junge
                    _____
                    Peter A. Junge (PJ-0745)
                    29 Broadway
                    New York, NY 10006
                    (212) 269-0061

*11732 Verified Complaint.wpd*

<u>VERIFICATION</u>

PETER A. JUNGE declares as follows:

1.    I am a member of the bar of this Honorable Court and of the firm of Junge & Mele, LLP, attorneys for Plaintiff.

2.    I have read the foregoing Complaint and I believe the contents thereof are true.

3.    The reason this Verification is made by deponent and not be Plaintiff is that Plaintiff is a foreign corporation, no officers or directors of whom are within this jurisdiction.

4.    The sources of my information and belief are documents provided to me and statements made to me by Plaintiff.

5.    I declare under penalty of perjury that the foregoing is true and correct.

Dated in the City of New York on October 23, 2007

/s/ Peter A. Junge

_____

Peter A. Junge

6

# EXHIBIT "1"

# EXHIBIT "2"